UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL T. SENNER,<br><br>    Petitioner<br><br>    v.<br><br>J. GASTELO,<br><br>    Respondent. | Case No. 8:17-CV-2251-CBM (GJS)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

On June 28, 2000, Petitioner, a state prisoner, commenced a 28 U.S.C. § 2254 habeas action in Case No. 2:00-cv-07061-CBM (JWJ) (the "First Petition"). The First Petition sought habeas relief with respect to Petitioner's 1994 Orange County Superior Court conviction for first degree murder with the use of a firearm and related sentence of 26 years to life (the "State Conviction"). The First Petition raised four claims, which included a claim that trial counsel performed ineffectively, two claims challenging the sufficiency of the evidence, and a claim based on the failure to instruct upon a defense theory. On March 12, 2001, the Court dismissed the First Petition without prejudice for lack of exhaustion. Petitioner did not appeal.

On April 20, 2001, Petitioner filed a second Section 2254 habeas petition in Case No. 2:01-cv-03644-CBM (JWJ), and an amended petition on May 21, 2001 (the

"Second Petition"). The Second Petition again sought habeas relief with respect to the State Conviction. On July 20, 2001, the Court dismissed the Second Petition action with prejudice on the ground that it was untimely. Petitioner did not appeal.[1]

Over 16 years passed with no further action taken by Petitioner in the federal court system to challenge the State Conviction. On August 21, 2017, Petitioner filed a habeas petition in the California Supreme Court (Case No. S243857), which was denied on October 25, 2017, on the ground that it was untimely.

On or about December 20, 2017, Petitioner mailed a third Section 2254 petition to this Court, which was formally filed in this action on December 27, 2017 ("Third Petition"). The Third Petition alleges the *same* four claims that Petitioner alleged over 17 years ago in the First Petition action.

Petitioner has not sought, or obtained, leave from the Ninth Circuit to file the Third Petition.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system and the California Supreme Court and California Court of Appeal dockets available electronically.

2

Section 2254 habeas petition, state habeas petitioners seeking relief in this District Court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

The First Petition and the Second Petition raised various federal constitutional claims challenging the State Conviction. The Second Petition was dismissed with prejudice on the ground that it was untimely, and Petitioner did not appeal that decision. The untimeliness of the Second Petition action "presents a 'permanent and incurable' bar to federal review," and the dismissal of the Second Petition action "constitutes a disposition on the merits" for purposes of Section 2244(b). *McNabb*, 576 F.3d at 1030 (citation omitted). The present Third Petition also challenges the State Conviction and, thus, is second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" Section 2244(b)); *in accord Murray v. Greiner*, 394 F.3d 78, 79 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).[2]

Whether or not the claims alleged in the Third Petition may, as a prima facie matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the Third Petition. This Court therefore lacks jurisdiction to consider the Third Petition. 28 U.S.C. § 2244(b); *see also Burton*, 127 S. Ct. at 799 (district court lacks jurisdiction to

---

[2] The instant Third Petition also plainly is grossly untimely, given that it raises the same claims that Petitioner alleged in this Court over 17 years ago. However, as the Court lacks jurisdiction to consider the Third Petition, it will not render a timeliness decision at this juncture.

3

consider the merits of a second or successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that: the Third Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

**IT IS SO ORDERED.**

DATED: January 10, 2018

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE